```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHRISTINE THOMAS,

                Plaintiff,

vs.                                  Case No. 2:07-cv-730-FtM-29SPC

BOMBARDIER RECREATIONAL PRODUCTS, INC.,

                Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Evidence Regarding George William Smith Jr.'s and James J. Delsordo's Alleged Negligence, Knowledge of Risk and Ability to Observe Warning Label (Doc. #51) filed on March 13, 2010. Defendant's Response (Doc. #56) was filed on April 1, 2010.

    Plaintiff asserts that this is an "enhanced injury case" and therefore the principles enunciated in D'Amario v. Ford Motor Co., 806 So. 2d 424 (Fla. 2001) apply. Because nothing in the record indicates this is an enhanced injury case, the motion will be denied.

    D'Amario discusses the crashworthiness doctrine, often referred to as "secondary collision" or "enhanced injury" cases, and described the applicable cases as involving,

> both an initial accident and a subsequent or secondary collision caused by an alleged defective condition created by a manufacturer, which is unrelated to the cause of the initial accident but which causes additional and distinct injuries beyond those suffered in the

primary collision. One court has explained that the damages sought in such cases "are not for injuries sustained in the original collision but for those sustained in the second impact where some design defect caused an exacerbated injury which would not have otherwise occurred as a result of the original collision."

D'Amario, 806 So. 2d at 426 (citation omitted). The Court later stated:

> As noted above, unlike automobile accidents involving damages solely arising from the collision itself, a defendant's liability in a crashworthiness case is predicated upon the existence of a distinct and second injury caused by a defective product, and assumes the plaintiff to be in the condition to which he is rendered after the first accident. No claim is asserted, however, to hold the defendant liable for that condition. Thus, crashworthiness cases involve separate and distinct injuries-those caused by the initial collision, and those subsequently caused by a second collision arising from a defective product. We agree that when viewed in this light, crashworthiness cases may be analogized to medical malpractice cases involving a successive negligent medical provider who is alleged to have either aggravated an existing injury or caused a separate and additional injury. Thus, just as the injury-causing fault of the patient in Whitehead was held not relevant in assessing the doctor's subsequent and separate negligence, the accident-causing fault of the driver would not be relevant in crashworthiness cases in assessing a manufacturer's neglect in designing an automobile or its parts. The initial accident merely furnished the occasion for the manufacturer's fault to be tested.

D'Amario, 806 So. 2d at 436-37. See also Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339 (11th Cir. 2004). The D'Amario principles do not apply outside the two separate accident context. Sta-Rite Indus., Inc. v. Levey, 909 So. 2d 901, 907-08 (Fla. 3d DCA 2004).

There is no evidence in this case of separate accidents which would justify application of the crashworthiness doctrine. The evidence plaintiff seeks to exclude is both relevant and has probative value which exceeds any possible prejudice or confusion. Accordingly, the motion in limine will be denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion in Limine to Exclude Evidence Regarding George William Smith Jr.'s and James J. Delsordo's Alleged Negligence, Knowledge of Risk and Ability to Observe Warning Label (Doc. #51) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of July, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record