UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA THOMAS,

        Plaintiff,

vs.                            Case No. 2:07-cv-730-FtM-29SPC

BOMBARDIER RECREATIONAL PRODUCTS, INC.,

        Defendant.
_____

**OPINION AND ORDER**

    This matter came before the Court on September 27, 2010, for a final pretrial conference. The Court discussed its trial procedures and heard argument on a number of motions *in limine* that were pending. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984)(in a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). In light of the nature of pre-trial *in limine* motions, the rulings below shall govern the trial, but either party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited. Cook ex rel. Tessier v. Sheriff of Monroe County, 402 F.3d 1092, 1109 n.6 (11th Cir. 2005). The motions are resolved as follows:

    **1. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Reference or Introduction to Newspaper**

**Articles and Other Media Reports (Doc. #68),** to which a Response (Doc. #98) was filed.  Plaintiff seeks the admission of newspaper articles, media reports, or news programs regarding vaginal and rectal injuries to female passengers on personal watercraft in order to show defendant's knowledge concerning the nature and extent of the risk posed by its product.  The Court will assume, for purposes of this motion, that plaintiff could overcome the obvious hearsay nature of such articles at trial.  While defendant's knowledge of its product is "relevant evidence" under Fed. R. Evid. 401, and therefore normally admissible under Fed. R. Evid. 402, the Court concludes that the probable value of these articles is substantially outweighed by the danger of unfair prejudice to defendant under Fed. R. Evid. 403.  There is no assertion in this case that defendant did not know the nature and extent of the risk posed by its product to females.  Defense counsel confirmed this at the final pretrial conference.  Additionally, the media items shown to the Court refer to personal watercraft generally, and not to the make and model at issue in this case. Further, of the four articles submitted, one was published <u>after</u> the events in this case and therefore cannot be relevant to defendant's knowledge at the time of the injury in this case. Accordingly, the motion in limine is **granted**.

    **2. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude to Exclude Prior Lawsuits and Other Accidents**

**(Doc. #69),** to which a Response (Doc. #96) was filed. Plaintiff seeks to introduce evidence that 17 women suffered severe injuries when they slid off the passenger seat of personal watercraft manufactured by defendant. Plaintiff asserts that this evidence is relevant to show that plaintiff's harm was reasonably foreseeable and that defendant was on notice of the potential injuries to women. Plaintiff further asserts that she is not seeking to use the evidence to prove the truth of the other claims, but only to show that the claims were made.

Federal law governs the admissibility of evidence in a diversity action. Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997). Evidence of other accidents may be relevant to show notice, the magnitude of the danger involved, the ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, causation, or the existence of a design defect. Jones v. Otis Elevator Co., 861 F.2d 655, 661-62 (11th Cir. 1988); Heath v. Suzuki Motor Corp., 126 F.3d at 1396; Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 649-50 (11th Cir. 1990); Barker v. Deere & Co., 60 F.3d 158, 162 (3d Cir. 1995). Because there is a strong potential for prejudice resulting from the admission of evidence of other accidents, certain limitations on the admission of such evidence have been developed. First, the proponent of the evidence must show that conditions substantially similar to the occurrence in question caused the other accidents.

Jones, 861 F.2d at 661-62; Heath, 126 F.3d at 1396 n.12; Hessen, 915 F.2d at 649.  Second, the other accidents must not be too remote in time, an issue which is within the trial court's discretion.  Jones, 861 F.2d at 662.  Third, the trial court weighs whether the prejudice or confusion of issues which may probably result from the admission of such evidence outweighs the probative value of the evidence.  Heath, 126 F.3d at 1396 n.13.

The Court finds that plaintiff has not established that these other claims were substantially similar to the one at issue.  Additionally, there is no assertion by defendant that it was not on notice of the possible nature and extent of injuries to women in connection with a fall off of the personal watercraft at issue in this case.  In the absence of a contested issue, the admission of these 17 claims would create undue prejudice to defendant which would substantially outweigh any probative value.  The motion in limine is **granted.**

**3. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Safety Videos (Doc. #70),** to which a Response (Doc. #94) was filed.  Defendant seeks to exclude evidence of its three videos for the Sea-Doo personal watercraft it manufactured because neither the owner nor driver viewed the videos before the accident, the videos are not relevant, and the videos will distract the jury's attention and create confusion.

The Court has viewed the three videos, one of which appears to be an advertisement and the other two of which appear to be safety videos. All three videos show, among other things, the operation of a personal watercraft in the water. Two of the videos depict passengers properly attired, and the third makes reference to the need to wear a wet suit even though the passengers depicted, for the most part, are not wearing such a wet suit. The Court finds no undue prejudice to defendant by playing its own videos to the jury, and concludes that the videos may well assist the jury. The motion will be **denied**.

**4. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Graphic Injury Photographs (Doc. #71)**, to which a Response (Doc. #85) was filed. At the final pretrial conference, the parties agreed to the admissibility of the photographs marked as Exhibit 5 to Dr. Cera's August 26, 2010 deposition. Accordingly, the motion is **granted** as to photographs of plaintiff's injuries, other than the photographs marked as Exhibit 5 to Dr. Cera's August 26, 2010 deposition, and **denied** as to those photographs.

**5. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Testimony, Opinions, or Reports Regarding Future Care Damages (Doc. #73).** At the final pretrial conference, plaintiff's counsel stated he did not oppose this motion and had no such evidence. Accordingly, the motion is **granted**.

**6. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Preclude Evidence of Joint Defense/Common Interest Agreement and Communications Privileged by this Agreement (Doc. # 74),** to which a Response (Doc. #101) was filed.  At the final pretrial conference, plaintiff's counsel stated he did not intend to refer to the Joint Defense Agreement itself, but rather intended to establish bias by cross-examining Dr. Franz as to the fact that he has also done other work for other manufacturers.  That type of cross-examination is proper.  Accordingly, the motion will be **granted** as to the use of the agreement itself and otherwise **denied.**

**7. Defendant's, Bombardier Recreational Products Inc., Motion in Limine Regarding Exclusion of Evidence Related to Plaintiff's Full Medical Costs (Doc. #75)** to which a Response (Doc. #100) was filed.  Plaintiff has agreed to introduce only the medical bills that were not paid or payable by insurance, bills that plaintiff or her family members paid, and those bill that remain unpaid.  The motion is **granted** to the extent that other bills are excluded.

**8.  Plaintiff's Amended Motion in Limine to Exclude Evidence and Argument Concerning the Coast Guard's Opinions, Approvals, Actions, and Conclusions Regarding Personal Watercraft (Doc. #84)** to which a Response (Doc. #89) was filed.[1]   Plaintiff seeks to

---

[1]Plaintiff's Motion in Limine to Exclude Evidence and Argument Concerning the Coast Guard's Opinions, Approvals, Actions, and Conclusions Regarding Personal Watercraft (Doc. #78) was terminated
(continued...)

exclude hearsay evidence of the U.S. Coast Guard's position, which is likely to be introduced through Kevin Breen and Dr. Frantz, that the watercraft was in compliance with its standards and that the on-product label was approved. Plaintiff argues that any "stamp of approval" by governmental and safety agencies as to uniform labeling is not relevant to the issue of placement and is inadmissible to show that the Coast Guard does not find the watercraft to be defective. Defendant responds that it intends to introduce evidence that the Sea-Doo was given certified approval, was compliant with all federal standards, and is *generally* not defective as a watercraft. Additionally, defendant argues that plaintiff's expert and exhibits open the door to this evidence as rebuttal on the design defect claim.

Compliance with federal safety standards is generally relevant to negligence claims, Dillon v. Nissan Motor Co., 986 F.2d 263, 270 (8th Cir. 1993), and while compliance may be admissible on the issue of care it does not require a jury to also find a defendant's conduct reasonable, Dorsey v. Honda Motor Co., 655 F.2d 650, 656 (5th Cir. Unit B Sept. 11, 1981).[2] The compliance evidence appears to be relevant, and it is not clear from the record that the

---

[1](...continued)
as moot based on the amended filing.  (Doc. #99.)

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

compliance evidence should otherwise be excluded.  Therefore the motion will be **denied** without prejudice to raising the objection at trial.

**9. Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Opinion Testimony by Edward W. Karnes (Doc. #72)** to which a Response (Doc. #93) was filed.  The motion is **denied** for the reasons stated below.

**10.  Defendant's, Bombardier Recreational Products Inc., Motion in Limine to Exclude Opinion Testimony by Michael A. Burleson (Doc. #76),** to which a Response (Doc. #91) was filed.  The motion **denied** for the reasons stated below.

**11.  Plaintiff's Motion In Limine to Exclude Opinion Testimony by Paul Franz (Doc. #77),** to which a Response (Doc. #88) was filed.  The motion is **denied** for the reasons stated below.

Each of these three motions seeks to preclude the testimony of an expert witness at trial.  The legal principles governing the admissibility of expert testimony are well settled.  Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) the Supreme Court held that the trial court has a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir. 2004). See also Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010); United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court,

which is accorded considerable leeway in making its determination. Cook, 402 F.3d at 1103; Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Kilpatrick, 613 F.3d at 1335; Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is the reliability of the methodology. Kilpatrick, 613 F.3d at 1335; Frazier, 387 F.3d at 1261. Relevant factors in considering reliability include: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Kilpatrick at 1335 (citing Daubert, 509 U.S. at 593-94; McCorvey, 298 F.3d at 1256). While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must

nonetheless evaluate the reliability of the testimony before allowing its admission at trial. Kilpatrick, 613 F.3d at 1336; Frazier, 387 F.3d at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. [ ] Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63. See also Kilpatrick, 613 F.3d at 1335.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Frazier at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

**A.   Edward W. Karnes and Paul Frantz:**

Dr. Edward W. Karnes would be called by plaintiff as a human factors expert to opine on the conspicuity (in this case, due to its location) of the warning label with respect to a passenger.

Dr. Karnes opines that the warning label was "imminently inconspicuous for a person who may need that information" and should have been placed on the seat where the passenger sits on the personal watercraft. Dr. Paul Frantz is defendant's human factors expert retained to opine on the same issue of conspicuity. His opinion is that there are a variety of locations for the warning label which are satisfactory, acceptable, and appropriate, and the location of the warning label on the personal watercraft in question was acceptable. In their motions in limine, both parties assert that the other's expert failed to do any testing, that their testimony is simply unsupported legal conclusions concerning the placement or location of the warnings, and the methodology is not reliable, credible, or useful to the jury.

The record establishes that both Dr. Karnes and Dr. Frantz are well qualified in the field of human factors engineering. Neither party challenges the general qualifications of the opposing expert. The Court finds that both parties have satisfied the requirement that an expert must be qualified to testify competently regarding the matters he intends to address.

The second issue is the reliability of the methodology. Both parties are correct that the other's expert did not perform any testing related to their opinions, but both are incorrect in arguing that an expert cannot be allowed to testify without testing. An expert may testify to an opinion which is based on

experience, training, or education, and not upon the scientific method, if the Court finds the opinion sufficiently reliable. Frazier, 387 F.3d at 1262 (citing Kumho Tire, 526 U.S. at 151-52). The proponent of such an opinion must "explain how that experience led to the conclusion he reached, why that experience was a sufficient basis for the opinion, and just how that experience was reliably applied to the facts of the case." Frazier, 387 F.3d at 1265.

Both experts followed the same methodology. Neither inspected the personal watercraft involved in this accident, but rather looked at a photograph of the watercraft to determine the placement of the warning label. To evaluate conspicuity of the warning label, each expert reviewed certain past literature and various discovery items in this case, and relying upon their background, training, education, and experience, formed an opinion as to conspicuity. Neither performed any testing of their respective opinions, and neither pointed to any comparable studies. Each expert essentially believes his opinion is correct based upon his own past experience in the field.

Under the proper circumstances, an expert may be allowed to testify to an opinion based upon a visual assessment which fails to satisfy most of the reliability factors identified in Daubert. United States v. Brown, 415 F.3d 1257, 1266-68 (11th Cir. 2005). In this case, the competing experts implicitly agree as to a

reliable methodology - the viewing of a photograph. It appears from the deposition transcripts that each expert can satisfy the Frazier inquiries quoted above, and that it will be for the jury to determine the weight to give the conflicting opinions. The Court concludes that each party has satisfied the reliability factor.

The third factor is whether the opinion will aid the jury. The Court finds that the proper location(s) for a warning label on a personal watercraft is not a matter of such common knowledge that a jury would not benefit from an expert's opinion. While a certain amount of common sense is involved, the testimony concerns matters which will assist the jury in understanding the evidence and determining the disputed issues with regard to the proper placement of a warning label. Finally, the probative value of the experts' testimony is substantially outweighed by its potential to confuse or mislead the jury, and the testimony is neither cumulative nor needlessly time consuming. The motions are **denied.**

**B.   Michael A. Burleson:**

Michael Burleson is plaintiff's expert regarding the alleged defective design of the 2006 Sea-Doo and an alternative seatback design. Plaintiff states she intends to introduce "various information showing seatbacks on snowmobiles and ATVs" manufactured by defendant. (Doc. #91, p. 3.) Plaintiff also states that Mr. Burleson has conducted tests on watercraft similar to the Sea-Doo

during takeoff. Plaintiff intends to introduce the alternative design to prove its feasibility to eliminate the hazard.

While Mr. Burleson is qualified as an expert, defendant challenges his methodology and reliability. Specifically, defendant argues that no testing or additional investigation was conducted to support Mr. Burleson's theory that his design alternative would or could have prevented the injury in this case. Defendant argues that any testing that Mr. Burleson did conduct was not done to the Sea-Doo at issue, and involved a study of acceleration pressure without incorporation of the alternative design. Defendant further argues that Mr. Burleson did not prepare a hazard analysis, and the alternative design fails to consider existing safety mechanisms on the Sea-Doo.

The Preliminary Report of Michael A. Burleson (Doc. #91-1) provides that he has more than 30 years of comprehensive professional engineering and safety experience, is a licensed engineer, and a certified safety professional. Mr. Burleson has performed engineering analysis and investigation in more than 125 watercraft accidents. In forming an opinion, Mr. Burleson considered depositions, initial disclosures, and other documentation including copies of test requests. The specific watercraft in this case was not inspected. Acceleration testing on a comparable 2006 Bombardier GTX Limited watercraft was conducted. Although acceleration tests were performed on similar watercraft,

Mr. Burleson did not perform the tests with the seatback in place on a Bombardier product in the ocean. Mr. Burleson has never been retained as a consultant by a watercraft manufacturer, and no known manufacturer is using his patented seatback or a passenger lanyard in the alternative.

The Court concludes that Mr. Burleson has satisfied the reliability prong as to his opinion testimony concerning the alleged defective design of the 2006 Sea-Doo and his opinion as to an alternative design. While there is certainly impeachment available as to these opinions, this goes to the weight of the testimony and not its admissibility. The failure of any manufacturer to adopt his alternative design "is of little or no significance." Sta-Rite Indus., Inc. v. Levey, 909 So. 2d 901, 904 n.4 (Fla. 3d DCA 2004). Since this testimony will aid the jury, the third factor is also satisfied. Finally, the probative value of this testimony is not substantially outweighed by its potential to confuse or mislead the jury, and is neither cumulative nor needlessly time consuming. Therefore, the motion is **denied.**

Accordingly, it is now

**ORDERED:**

1. Except to the extent inconsistent with this Opinion and Order, the Joint Pre-Trial Statement (Doc. #80) shall govern these proceedings.

2.   The parties have each agreed to identify to opposing counsel the identity of the trial witnesses who they anticipate will be testifying the following day.

3.   The jurors in the case will be allowed to take notes during trial if they wish.

4.   As previously noticed, a final status conference concerning exhibits will be held on **October 25, 2010 at 4:00 p.m.**, and trial will begin on **October 26, 2010 at 9:00 a.m.**

5.   The operative Exhibit List for defendant is that contained in the Joint Pre-Trial Statement (Doc. #80-3).  The operative Exhibit List for plaintiff is that contained in Plaintiff's Second Amended Exhibit List (Doc. #113), to which defendant's current objections are found at defendant's Notice of Filing Objections (Doc. #114).

6. Defendant's Bombardier Recreational Products Inc., Renewed Objections to Plaintiff's Exhibit List and Motion to Strike Amended Exhibit List (Doc. #90) are **DENIED** for the reasons stated at the final pretrial conference.

7. The *in limine* motions (Docs. ## 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 84) are resolved as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of October, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record