UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA THOMAS,

          Plaintiff,

vs.                                             Case No. 2:07-cv-730-FtM-29SPC

BOMBARDIER RECREATIONAL PRODUCTS,
INC.,

          Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on two identical Plaintiff's Motion for New Trial (Docs. #148, 154), filed on November 12 and 23, 2010. Defendant filed a Memorandum of Law in Response (Doc. #155) on November 29, 2010. Plaintiff seeks a new trial pursuant to Fed. R. Civ. P. 59(a).

    A Rule 59 motion for a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . ." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include a verdict which is against the weight of the evidence or substantial errors in the admission or rejection of evidence. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Resolution of a motion for a new trial is committed to the discretion of the trial court. Montgomery v. Noga, 168 F.3d 1282, 1295 (11th Cir. 1999).

    The Court has carefully considered the motion, and concludes that it should be denied. "The admissibility of evidence is

committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." Walker v. NationsBank N.A., 53 F.3d 1548, 1554 (11th Cir. 1995); see also Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004)(citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000)).  The Court considered most of these issues in limine (Doc. #117) and at trial, and the Court adheres to its prior rulings and explanations.  While plaintiff sought the admission of 17 other accidents, she now asserts that 61 other accidents should have been admitted.  (Doc. #96.)  Plaintiff's stated basis for the admission did not previously include the unreasonable dangerousness of the product (Doc. #96.)  In light of the lack of foundation established by plaintiff as to these accidents, the jury's question only highlights the correctness of the Court's ruling, which prevented inadmissible evidence before a naturally inquisitive jury.  The Court concludes that plaintiff is not entitled to a new trial based upon any of the Court's evidentiary rulings.

Plaintiff also argues she is entitled to a new trial because the verdict is against the great weight of the evidence.  A district court should grant a motion for new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. . . .

Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)(internal quotations and citation omitted). The evidence was more than sufficient to support the jury's verdict.  The jury was entitled to believe or disbelieve plaintiff's evidence, and nothing in its original verdict indicates that it misunderstood either the evidence or the Court's substantive instructions.  Even if the Court were to re-weigh the evidence, as plaintiff suggests, the Court would not arrive at any different conclusions than did the jury.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motions for New Trial (Docs. #148, 154) are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of December, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record